UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE E. TOWNSEND,

Plaintiff,

v.

C. MUNDEN, et al.,

Defendants.

No. C10-5391BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 25), Plaintiff Willie E. Townsend's ("Townsend") objections to the Report and Recommendation (Dkts. 26, 27 & 29) and Defendants' responses to Townsend's objections (Dkts. 28 & 30). The Court has considered the Report and Recommendation, Townsend's objections, Defendants' responses, and the remaining record, and hereby adopts the Report and Recommendation for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On June 23, 2010, Townsend filed a complaint against Defendants under 42 U.S.C. § 1983. Dkt. 5. On October 28, 2010, Defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. Dkt. 13. On November 17, 2010, Townsend filed a motion for partial summary judgment (Dkt. 19), a motion to amend his

ORDER – 1

complaint (Dkt. 20), and a response to Defendants' motion to dismiss (Dkt. 21). On November 19, 2010, Defendants replied to Townsend's response to their motion to dismiss. Dkt. 22. On December 3, 2010, Defendants filed responses to Townsend's motions to amend (Dkt. 23) and for partial summary judgment (Dkt. 24). On December 9, 2010, the magistrate judge issued a Report and Recommendation denying Townsend's motions to amend and for partial summary judgment and granting Defendants' motion to dismiss. Dkt. 25. On December 14, 2010, the Court received Townsend's replies to Defendants' responses to his motions to amend and for partial summary judgment (Dkts. 26 & 27) which the Court designated as objections to the Report and Recommendation. On December 20, 2010, Defendants filed a response to Townsend's replies (designated as objections). Dkt. 28. On December 29, 2010, Townsend filed objections to the Report and Recommendation. Dkt. 29. On January 4, 2011, Defendants filed a response to Townsend's objections. Dkt. 30. Also on January 4, 2011, Townsend filed a document objecting to the designation of his reply briefs as objections to the Report and Recommendation. Dkt. 31.

## II. FACTUAL ALLEGATIONS

For purposes of this order, the Court is assuming to be true the facts as alleged by Townsend in his complaint (Dkt. 5) and his proposed amended complaint (Dkt. 20).

In his amended complaint, Townsend alleges that he is an inmate from the state of Virginia who was transferred to a Washington Department of Corrections ("DOC") facility in which he is incarcerated under the Interstate Correctional Compact ("ICC"). Dkt. 20. He states that, shortly after arriving in Washington, he began working at the corrections facility and that certain amounts were deducted from his earnings including deductions for legal financial obligations, costs of incarceration, and crime victims' compensation. *Id*. He states that when his inmate trust account was transferred from Virginia to Washington, he was informed that $930.00 of the $1,695.31 had also been deducted for legal financial obligations, costs of incarceration, and crime victims' compensation. *Id*. at 4. Townsend filed a grievance regarding these deductions and it was denied. *Id.* at 4-5. He then filed

ORDER – 2

level two and three grievance appeals which were also denied. *Id*. at 5. Townsend then filed a tort claim alleging that DOC "officials had violated his due process rights under the Federal [a]nd State constitutions." *Id*. Townsend states that the response he received to his tort claim stated that while he was incarcerated in Washington, he was subject to deductions under Washington law according to RCW 72.09.015(14). *Id*. at 5-6. Townsend did not file an action in state court and filed the action in this Court on June 2, 2010. Dkt. 1.

According to his complaints, Townsend alleges that under the ICC, he has the rights of a Virginia inmate while he is incarcerated in Washington and that his judgment and sentence do not authorize the deductions that are being taken by the Washington DOC officials. He asserts that this taking is being done without proper authority under state law and absent proper authority under the ICC. Dkt. 20 at 8. Townsend maintains that this taking violates his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. *See generally* Dkts. 5 & 20.

### III. DISCUSSION

**A.     Report and Recommendation**

In the Report and Recommendation, the magistrate judge found that Townsend, both in his complaint and proposed amended complaint, failed to state a claim for a violation of the Fourteenth Amendment because: (1) he was given proper notice and an opportunity to be heard regarding the deductions from his account through the prison grievance system, and (2) he was given a post-deprivation of property remedy through the state's Tort Claims Act, RCW 4.92.010, et seq. Dkt. 25 at 4-5. Therefore, the magistrate judge recommended that Defendants' motion to dismiss and Townsend's motion for partial summary judgment should be denied as Townsend failed to state a claim as a matter of law under § 1983. *Id*. at 4-5. In addition, the magistrate judge found that allowing Townsend to file his proposed amended complaint would be futile and thus his motion should be denied as the magistrate judge assumed the facts alleged in Townsend's amended complaint in finding that he failed to state a claim. *Id*. at 5-6; *see Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir.

ORDER – 3

1990) (affirming district court's denial of plaintiff's motion to amend complaint when such amendment "would likely prove futile").

**B.     Townsend's Procedural Objection**

As an initial matter, Townsend makes a procedural objection to the magistrate judge issuing the Report and Recommendation without first considering Townsend's replies to the responses to his motions to amend and for partial summary judgment. Dkt. 31. The magistrate judge issued his Report and Recommendation on December 9, 2010 (Dkt. 25), and the Court received Townsend's replies on December 14, 2010 (Dkts. 26 & 27). Because Townsend's replies may have been mailed on time, but were not received before the Report and Recommendation was issued, the Court designated his replies as objections to the Report and Recommendation to be considered by this Court in reviewing the Report and Recommendation. Townsend fails to cite to any authority to show this procedural action was somehow improper as the Court is considering all objections Townsend has made to the magistrate judge's findings. Accordingly, the Court concludes that the matter will not be remanded to the magistrate judge to consider Townsend's replies, but the Court will consider the arguments made in his replies in reviewing the magistrate judge's Report and Recommendation.

**C.     Townsend's Substantive Objections**

Townsend's substantive objections to the Report and Recommendation contend that the magistrate judge did not properly consider his due process claims, did not acknowledge his equal protection or state law claims, applied the incorrect standard in denying his motion to amend, and improperly denied his motion to amend as futile. *See* Dkts. 26, 27, 29 & 31.

Townsend's procedural due process claims allege that Defendants improperly deducted funds from his prisoner account without due process of law. Dkts. 5 & 20. An unauthorized intentional deprivation of property by a state employee or official does not constitute a due process violation under the Fourteenth Amendment if an adequate post-deprivation remedy is available under state law. *Hudson v. Palmer*, 468 U.S. 517, 534

ORDER – 4

(1984). Under Washington law, prisoners may avail themselves of the DOC grievance process and/or file tort claims against the state for the unlawful loss or destruction of their personal property. *See* RCW 72.02.045 (state and/or state officials may be liable for the negligent or intentional loss of inmate property) and RCW 4.92.090 (state liable for the tortuous conduct of state officials); *see also Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (holding that the Washington Department of Corrections' grievance process is an adequate post-deprivation remedy for unauthorized deductions from a prisoner's account). In addition, a prisoner does not have a right to a specific grievance procedure, as long as it is adequate, so that a defendant merely ruling against an inmate's grievance does not contribute to the underlying alleged deprivation. *See Gallaher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Here, Townsend does not dispute that he has availed himself of the prison's grievance procedure as well as had an opportunity to file a tort claim in state court for deprivation of his property. Dkt. 20 at 4-5. In addition, because Townsend does not have a constitutional right to a specific grievance procedure, his allegations against Defendants S. Sinclair, John Doe 2, and D. Thompson alleging due process violations for not overturning the grievance responses of Defendants John Doe 1 and C. Munden, do not establish due process claims under § 1983. Accordingly, the Court concludes that the magistrate judge properly found that Townsend's procedural due process claims should be dismissed as the state provided him with an adequate remedy for the deprivation of his property.

Next, Townsend alleges that, based on the ICC, his due process and equal protection rights were violated when Defendants deducted funds from his prisoner account. Dkt. 20 at 8-9. However, the ICC is not federal law and claims premised upon the ICC do not give rise to a cause of action under § 1983. *Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir. 1998). Further, the Ninth Circuit in *Ghana* specifically held that the ICC does not establish a state-created liberty interest protected by the Fourteenth Amendment. *Id.* at 1209. Therefore, the

ORDER – 5

Court concludes that Townsend's claims for due process and equal protection based on the ICC should be dismissed with prejudice.

In addition, Townsend alleges that his due process and equal protections rights were violated based on Defendants' alleged violations of state law. Dkt. 20 at 8-9. However, violations of state law do not give rise to a cause of action under § 1983. *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). Therefore, the Court concludes that Townsend's claims for due process and equal protection based on his allegations that Defendants violated state law should be dismissed with prejudice.

Townsend alleges an equal protection claim based on disparate treatment between himself and a federal inmate. Dkt. 20 at 7. However, in order to bring a claim for equal protection based on disparate treatment, Townsend must show that others similarly situated to him were given more favorable treatment and that such treatment was based upon an impermissible motive on the part of the government. *See U.S. v. Sanchez-Gonzalez*, 176 F.3d 486 (9th Cir. 1999). Townsend cannot show that he is similarly situated to a federal inmate, as that inmate's transfer to a Washington DOC facility would implicate federal law and all of the state's actions would be subject to § 1983 whereas Townsend's placement is not subject to federal law in the same way. Therefore, the Court concludes that Townsend's equal protection claim based on disparate treatment should be dismissed with prejudice.

Townsend alleges claims against Defendants Eldon Vail and John Doe 3 in their official and individual capacities. Dkt. 20 at 3. However, defendants cannot be held liable under § 1983 solely on the basis of their supervisory responsibility or position. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because Townsend's only allegations against these Defendants are based on their roles as supervisors, his claims against them should be dismissed with prejudice.

ORDER – 6

**D.    Conclusion**

The Court concludes that the magistrate judge correctly found that Defendants' motion to dismiss should be granted, Townsend's motion for partial summary judgment should be denied and his motion to amend his complaint should be denied as futile.

Therefore, it is hereby **ORDERED** that:

(1)    The Report and Recommendation is **ADOPTED**;

(2)    Townsend's motion for partial summary judgment (Dkt. 19) and motion to amend (Dkt. 20) are **DENIED**;

(3)    Defendants' motion to dismiss (Dkt. 13) is **GRANTED** and the claims alleged in Townsend's complaint are **DISMISSED with prejudice** for failure to state a claim.

DATED this 14th day of February, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 7